We will hear argument first in case number 24-2061, Franco v. Gonsalus. Mr. Bergstein. Right. Good morning. Stephen Bergstein for the Plaintiff Appellant. The District Court abused its discretion in applying the 25% overall reduction in attorney's fees to work that Plaintiff's Counsel performed following the judgment, post-trial motion, and the appeal. When the District Court imposed a 25% reduction, it did so for two reasons. Unsuccessful claims, there were claims in the complaint that either were dropped or lost at trial, and limited degree of success. The complaint sought more money than the jury awarded. Okay, judges do that. They do award a percentage reduction on grounds like that. That's not the appeal. The appeal is the rationale justifying the 25% reduction for pre-judgment work doesn't apply to the work that we performed in defending the verdict post-trial and on appeal. That might be true, but we've said that you could do an across-the-board reduction to account for these kinds of problems, right? Well, it depends what you mean by these types of problems. I mean, sure. For limited success. Pre-appeal. I don't know if this— I mean, so, you know, you sought $300,000 worth of damages, right, and obtained $5,000, right? Correct. So that's 1.6% of the requested damages you received. So if the District Court had reduced the attorney's fees by 95% for the trial phase, that might not be an abuse of discretion, right? That might not be an abuse of discretion? Because it would correspond to the percentage of damages on which you were successful. It would be an abuse of discretion. Why would that be? There's only so much of a percentage reduction that a trial court can impose. There was a decision yesterday. Well, do you think the 25% is at the maximum of what the District Court could have imposed? For pre-judgment legal work, I don't know if it's the maximum. It depends on a lot of things. If you have bad billing records, bad time management. Right, so if the District Court had imposed a reduction of, say, 35% on the trial work, it would be hard to say that that's an abuse of discretion, right? I wouldn't be here on that basis. Okay, so it wouldn't be here if there was just a greater reduction on the trial work. If the District Court said, look, I don't want to figure out the precise percentage that applies to each phase of the proceedings. I'm going to apply an across-the-board reduction of 25% to account for the limited success that I've identified. Why is that an abuse of discretion? Because once the jury enters its verdict and defendants go on the defensive and try to vacate the verdict on the merits, they're putting us to work. And they put us to work. This was a complex appeal. And none of the concerns raised by the District Court for the 25% apply once we are now on the defensive. The District Court did not say that our time records post-verdict were insufficient. They challenged us. No, but the District Court said you had claims that were dismissed. You only obtained a fraction of the damages you were seeking. That is limited success. A reduction is appropriate. And the way I'm going to do it is instead of figuring out the precise percentage to apply to each phase of the proceedings, I'm going to do a 25% across-the-board reduction. If you just said that actually there could have been a higher reduction for the trial phase and no reduction for the appeal, it means it could have ended up being the same reduction, just like allocated differently. So why is it an abusive discretion if the District Court just wants to do it across-the-board? Because defendants are then benefiting from prolonging the case when they challenge the verdict and everything they tried to do on appeal failed. So the case enters a new phase. When the District Court came up with its 25% number, didn't it have all of that information in mind? In other words, it knew what happened on appeal. It knew what the results were. And knowing all of that, it came up with 25%. I mean, why is that an abuse? Because nothing that happened post-verdict justifies a 25% reduction. The appeal didn't involve the size of the damages. But the District Court knew that. In other words, if the District Court had broken it down, it might have said there should be a 50% reduction for the earlier phase and maybe only a 20% reduction for the post-trial phase. But that's not what he did. I'm saying it could have done that. But instead of doing it, it did the more efficient way of looking at the whole thing, knowing what happened. I think 25% is fairly reasonable. But he didn't impose a 25% on that basis. He said all legal work, some of the legal work pre-verdict was questionable billing entries, bad billing entries, low damages, and failed claims. Okay, that's phase one of the case. Trial courts have done this, by the way. I don't know if this Court has addressed this issue, but trial courts have done it this way. They've said, all right, there's two phases. There's pre-verdict, there's post-verdict. Pre-verdict, there's a percentage reduction. Post-verdict, plaintiff defends the verdict. Your whole argument is that post-verdict on appeal, you should get 100%. But on appeal, you sought a new trial, and you sought a new trial to get punitive damages. You didn't succeed. If you succeeded, we would know it. No. We sought a new trial on punitive damages, but my affidavit carefully mentioned, quote, I have excluded all work in the billing records relating to the punitive damages portion of the appeal, which was 39.10 attorney hours. So I didn't put in hours for the failed punitive damages appeal. But you didn't break down the hours that you worked either. On the appeal? You didn't break down the hours on the appeal that were associated with the punitive damage claim. I did. I took them out of the billing records. I just excluded them from the billing records so you wouldn't have 25 percent or something of the billing records that are sort of shaded out because they don't really apply. I put it in my affidavit. I took them out of the billing records completely because we know we can't recover fees for the failed punitive damages claim. By extending the 25 percent reduction, defendants essentially benefit from extending the case. They continue to fight the case. They lose on every new trial. That's what defendants do. But what they also do is pay when they put us to work and they lose. The defendants are paying 75 percent of the fees that you claim for the appeal. So if they hadn't extended the case, they would pay zero percent for the appeal. So they are paying fees associated with the appeal. They're getting a discount. They're getting a discount. So they extend the case another year. They lose on every claim on appeal. All the verdicts, all portions of the verdict are sustained, false arrests, malicious The Supreme Court has said the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on litigation. And then it says there's no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated or it may simply reduce the award to account for limited success. The court necessarily has discretion in making this equitable judgment. So as the Supreme Court told us, yeah, if you think that you can look at the different phases of the case and take out specific hours, you could do that. But it's also permissible to say the plaintiff's limited success justifies this kind of across-the-board reduction. So that's how I'm going to accomplish the fee reduction. The Supreme Court never quite put it that way. But what this court has said in some attorney's fees rulings, Wyant v. Oaks, Hines v. City of Albany, to hold otherwise would commit a deep pocket losing party to dissipate the incentive provided by an award through recalcitrant and automatic appeals. Now, these cases, Wyant and Hines, don't precisely address this issue because I don't think this issue has come before this court. But the point is if they want to keep fighting and they lose on the merits on all the issues having nothing to do with the 5 percent of the failed claims because that's no longer an issue on appeal, why do they get a discount in attorney's fees? I don't see why you're saying it's a discount. So if the district court just said, look, there's one litigation, including the trial phase and the appellate phase, and I look at what you sought to achieve at the outset and I look at what you ended up with at the end, and because of the limited success on some claims and the limited achievement of the sought-after damages, I'm just going to say you basically are entitled to 75 percent of what you're seeking because I'm going to just have a discount on the whole proceeding based on the limited success. That kind of broad-brush approach to deciding fees deprives the plaintiff of the benefit of their work in defending their verdict. There are limits to the abuse of discretion standard. This Court does overturn attorney's fees awards from time to time because the trial court went too far. I think when you look at it in a phase-by-phase approach, and there were two distinct phases in this case, I don't see why we should be punished for successfully defending what we earned only because they made us do it. They put us to work. Who appealed first? We filed a notice of appeal on the appeal. And then they cross-appealed. And then they cross-appealed. So you're the ones who initiated the appeal, so it's hard to blame them for then cross-appealing. They would have cross-appealed anyway. Okay. That assumes they only cross-appealed because we brought a notice of appeal, too, I think. Based on the strength and length and complexity of their appellate brief, they were not simply going to pay the judgment in the initial round of attorney's fees if we didn't bring an initial appeal. They fought this tooth and nail. Thank you. Thank you very much, Mr. Bergstein. Let's hear from the government. Ms. Masler. Good morning. May it please the Court. Erica Masler of Hancock-Estabrook on behalf of Defendants Appleby's Officers John Gonzalez and Sean Kelly. After seven years of litigation, the district court here awarded more than $140,000 in fees and costs in a case where the plaintiff achieved limited success and was awarded only $5,000 in compensatory damages. The fee award here was well within the district court's sound discretion, and the judgment should be affirmed in its entirety. I do want to reemphasize at the outset that the fee award here is subject to this highly deferential abuse of discretion standard of review. To the extent plaintiff's brief suggests that the district court committed some error of its phase-by-phase analysis, that position is foreclosed by Supreme Court precedent. The approach advocated would require— What's the precedent? The Hensley case that I just quoted from? Yes. The Hensley case is very on point. The court there says there's no precise rule or formula for making a determination whether and how much to adjust the low-star figure to account for the degree of success obtained. It's an equitable judgment, and the Supreme Court expressly gave district courts two options. The first approach more closely resembles what plaintiff is advocating here, where the district court identifies specific hours to cut. But the second approach is just— I mean, Mr. Bergstein is right that some district courts do separate the phases of the trial and say, here's the percentage, I think, associated with the success in the trial phase. Here's the percentage with the appellate phase. You wouldn't suggest that that would be an abusive discretion for the district court to do that, right? No, Your Honor. Of course, it would not be an abusive discretion for a district court to do that. We recognize the cases the plaintiff cited doing that. Again, that's closer to the first approach in Hensley. But those cases certainly don't stand for the proposition that that phased analysis is required or that the district court committed some error of law or abusive discretion in doing what it did here. What about just the point that Mr. Bergstein didn't seek attorney's fees for the part of the appeal on which it wasn't successful? I mean, should the district court have taken that into account and thought that the reduction of the lack of success on appeal was already accounted for by that? I think the district court did take that argument into account. First, I would say that the record contradicts the assertion that all time devoted to plaintiffs on successful appeal was excluded from the fee applications. For example, at page 51 of the joint appendix, there are time entries devoted to plaintiffs on successful post-trial motion. At page 152 of the joint appendix, there are time entries for sort of general appeal work that would have applied both to plaintiff's appeal and to defendant's cross appeal. So it was well within the district court's discretion to take that into account. I would also note that in its decision on the motion for reconsideration, the district court noted that it had considered and reviewed all of the party's arguments about pre- and post-verdict work. Another reason we know the district court took the appellate fees into account is because it rejected defendant's argument for a further downward departure for fees incurred in defending against defendant's cross appeal. And the district court expressly stated that it found the Lowe-Starr calculation to be reasonable without any further downward departure. So because the district court— So the district court did think about all of that, but what about Mr. Bergstein's argument that that approach creates disincentive to defend the judgment on appeal and penalizes the plaintiff for defending the verdict? I don't think that's the case, Your Honor. Here, a plaintiff was adequately represented. There are also competing concerns when fashioning fee awards, including the directive to achieve rough justice and balance. And as Your Honor pointed out, the defendants are certainly not benefiting by filing unsuccessful post-trial motions for an appeal. The defendants themselves are incurring legal fees, and even if they're not paying 100% of the plaintiff's legal fees incurred after that point, they're certainly paying a hefty percentage of that. So these are all things that were within the district court's discretion to consider. The district court was well aware of the full seven-year litigation history. The district court's decision is thorough. It's approximately 30 pages, and it goes through the history of the claims and against which defendants asserted at the outset, the disposition of those claims, but also the stark contrast between the relief that was initially sought, at least $300,000 in compensatory damages, as well as, of course, the punitive damages. But plaintiff here was awarded only $5,000 in compensatory damages against one of those defendants and $1 in nominal damages. So $5,000 out of $300,000 is like 1.5%, right? Could the district court have reduced the attorney's fees by 95% to match that percentage? Well, the district court did not have to do that, but that's certainly a big factor for the district court to consider. We know— But anyway, I guess Mr. Bernstein acknowledged that the district court could have gone above 25. Like 25% was not the limit, right? Correct, and he just conceded that if the district court had been obligated or instructed or had chosen to exercise its discretion to analyze the post-verdict success separately from the pre-verdict success, maybe the district court, in weighing all of these different factors, would have said, okay, well, there's no reduction for lack of success on appeal or for things post-verdict. Right, so if we announced a rule that you couldn't apply the reduction to the appellate phase, we'd have to vacate the whole award and allow the district court to decide what the total award should be, right? Because the district court was thinking about it in terms of one whole litigation. Correct, Your Honor, and so that's the larger point behind the last portion of our brief, where we're just emphasizing that this fee award is a very discretionary, equitable determination that takes into account many factors, and so we just don't know if the district court had not imposed any reduction for post-verdict fees how the district court would have weighed these other factors. Just to take a step back as a general matter, I just want to emphasize that the Supreme Court has stated that the essential goal behind fee shifting is to achieve rough justice. It's not to achieve any sort of auditing perfection. District courts are not required to compensate any particular attorney, law firm, particular hours expended perfectly, and this fee application should not result in the sort of second major litigation that we're seeing here, and it's more than likely that if plaintiff were to prevail on this appeal that he would file yet another fee application in the district court to seek to recover the fees expended pursuing this appeal. The district court considered all of the relevant legal principles, all of the relevant factors, did not commit an abuse of discretion. The fee award of $140,000 is well within its sound discretion. So unless Your Honors have any further questions for those reasons and the reasons stated in our brief, we respectfully request that the judgment be affirmed. Thank you very much, Ms. Masler. We'll turn back to Mr. Bergstein on rebuttal. A couple of hours on the punitive damages motion made their way into the time log. You recognize that in the reply brief. If we prevail on appeal, we can just deduct those hours from the appellate fees. The question was, if this court vacates the total award, what happens? I don't think this court has— Sorry, just the clock is not running down. Thanks. Go ahead. I don't know if this court has to vacate the total award. The court below would only have to determine if plaintiff gets 100 percent of fees for the work defending the verdict. I think we probably would because the district court didn't dispute our billing entries. Yeah, I know, but the district court clearly thought that it was accounting for the entire litigation by having a 25 percent across-the-board reduction. If it had known that it wasn't allowed to apply that to the fees sought for the appellate phase, it might have done a different percentage for the pre-appellate phase. But the district court did identify the concerns it has with the pre-verdict attorney's fees, and that's in the record— that's in the supplemental appendix at the end of one of the attorney's fees rulings when he had five reasons why there's a 25 percent reduction and all of that concerned pre-verdict billing records. As your colleague on the other side pointed out, on the motion for reconsideration, the district court went into all of this and understood the arguments, right? And yet still said, I'm going to stick with the 25 percent. And that's an abuse of discretion because nothing that happened on appeal justified. That does indicate that he understood that he prevailed, at least to some extent, on appeal. But he still felt that 25 percent for the whole thing was appropriate. He understood our arguments, certainly, because that was the main point of the motion for reconsideration. But just because you understand the argument and you get a different result doesn't mean you're acting within a discretion. I just want to sum up with this one final statement. Nothing that happened on appeal justifies extending the overall reduction. All the concerns the district court had on the billing records at page 54 of the special appendix concerned pre-appellate work. Thank you. Thank you very much, Mr. Bergstein. The case is submitted.